UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MEMORIAL HERMANN HOSPITAL SYSTEM, § § § <br> Plaintiff, § § <br> v. § § CIVIL ACTION NO. 4:07-cv-1432 <br> RENAISSANCE HEALTHCARE § SYSTEMS, INC. AND RENAISSANCE § HEALTHCARE SYSTEMS EMPLOYEE § BENEFIT PLAN, § § <br> Defendants. § | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Remand (Docket #3). After considering the parties' filings and the applicable law, the Court finds that the motion should be **GRANTED.**

In its Original Petition,[1] Plaintiff Memorial Hermann Hospital System alleges that it performed $2,052,362.10 worth of medical services for a patient, Sylvia Smith, whose husband was an employee of Defendant Renaissance Healthcare Systems, Inc. ("RHS"), and who thereby was a beneficiary of Defendant Renaissance Healthcare Systems Employee Benefit Plan ("RHSEBP"), a self funded plan. Plaintiff alleges that it verified effective insurance coverage before rendering said services. Plaintiff further alleges that, pursuant to the discount rate established in a binding managed care agreement, Defendants were obligated to pay Plaintiff $1,333,535.40 for Ms. Smith's treatment and care. According to Plaintiff, despite the verification of coverage and the relevant contractual obligations, Defendants wrongfully refused to pay Plaintiff's claims.

---

[1] The Plaintiff's Original Petition, filed in the 151st District Court of Harris County, Texas, is included as Attachment Document 5 to Defendants' Notice of Removal of Civil Action (Docket #1).

Plaintiff therefore filed the instant lawsuit in the 151st District Court of Harris County, Texas on March 7, 2007, alleging two alternative causes of action in its Original Petition. First, it alleges that Defendants breached the managed care contract by failing to pay the claims Plaintiff submitted for Ms. Smith's treatment and care. Second, Plaintiff alleges Defendants were negligent and made negligent misrepresentations in answering Plaintiff's specific inquiries on eligibility, coverage, benefits levels, and authorization to cover the hospitalization of Ms. Smith. Plaintiff's complaint asks for damages not in the contractually discounted amount of $1,333,535.40, but instead in the amount of $2,052,362.10, which is the full value of services rendered. Plaintiff's complaint also includes a long section explicitly stating that it asserts only state common law claims, and that it intends not to assert any federal questions under ERISA.

Arguing that Plaintiff's claims are preempted by ERISA, Defendants removed the case to the United States District Court for the Southern District of Texas on April 27, 2007, thereby prompting the Plaintiff's Motion to Remand at issue here. Plaintiff contends that its claims are entirely based on state law causes of action that are not preempted by ERISA, and that they therefore escape preemption.

The Court agrees that the Plaintiff's claims are based on state law causes of action that are not preempted by ERISA. Removal is proper only if the federal district court has original jurisdiction over a claim. 28 U.S.C. § 1441(a). In the case of federal question jurisdiction, a court must examine the plaintiff's complaint under the "well-pleaded complaint" rule, Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998), which allows the plaintiff to avoid federal jurisdiction by relying exclusively on state law, Caterpillar, Inc. v. Williams 482 U.S. 386, 392 (1987). This is true even when the defendant relies on federal law in its defense, and when the factual predicate underlying a plaintiff's complaint could have served as the basis for a federal

claim. Aetna Health Inc. v. Davila, 542 U.S. 200, 207 (2004) ("The existence of a federal defense normally does not create statutory 'arising under' jurisdiction."); see also Caterpillar, 482 U.S. at 392 & n.7. In this case, Plaintiff chose not to assert any federal claims in its complaint. Indeed, it explicitly stated that it intended only to assert those claims that can be construed as grounded in state law.[2] As Plaintiff is the master of its complaint and may avoid federal jurisdiction by asserting only state law claims, Plaintiff's election to proceed exclusively on state law claims prevents the direct exercise of federal jurisdiction in this case.

In some cases, even well-pleaded claims based on state law causes of action can be preempted by federal law under the doctrine of complete preemption; this is not such a case. Under the doctrine of complete preemption, Congress may so fully preempt a field that any complaint raising claims in that field is deemed federal, even traditionally state law matters. Rivet, 522 U.S. at 475-76; Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). Section 502(a) of ERISA, 29 U.S.C. § 1132(a), is one example of a provision which has been held to have effected complete preemption within its field. See Davila, 542 U.S. at 207-09. According to the Supreme Court, § 502(a) completely preempts state law claims when "an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by a defendant's actions." Id. at 211. Accordingly, under the Davila analysis, this case is removable only if (1) Plaintiff could have brought any of its state law claims under § 502, and (2) no other independent legal duty

---

[2] Defendants assert that Plaintiff's complaint states a federal claim because it asks for the full contract price rather than the discounted rate allegedly contemplated in the managed care contract. Defendants argue that Plaintiff offers no state law grounds that would justify this remedy. Defendant's Response to Plaintiff's Motion to Remand (Docket #6) at 3-4. On the contrary, Plaintiff argues at page six of its Original Petition that by failing to pay the claims submitted by Plaintiff, "Defendants are in breach of the managed care agreement, have waived any prior discount and are liable to Plaintiff for full billed charges in the total amount of $2,052,362.10, plus pre-judgment interest and attorneys fees." The Court reserves comment on the merits of Plaintiff's contention except to note that it could be decided by a construal of the contract under state law. No federal question of law is necessarily presented in the complaint.

supports the claims. See Pascack Valley Hosp., Inc. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 400 (3d Cir. 2004) (holding that a claim by a hospital for the breach of subscriber agreement between hospital and plan which alleged that the plan improperly calculated payments for services rendered to beneficiary was not completely preempted by § 502); accord Children's Hosp. Corp. v. Kindercare Learning Ctrs, Inc., 360 F.Supp.2d 202, 205 (D.Mass 2005); Memorial Hermann Hosp. Sys. v. Great-West Life & Annuity Ins. Co., 2005 WL 1562417 (S.D. Tex. 2005) (Atlas, J.).

This case clearly fails to meet the first prong of the Supreme Court's test. It is well established in the Fifth Circuit that a hospital has standing to sue under § 502(a) as an assignee of a participant or beneficiary in order to claim plan benefits. See, e.g., Hermann Hosp. v. MEBA Med. & Ben. Plan, 845 F.2d 1286, 1289 (5th Cir. 1999). However, a hospital may not avail itself of § 502(a) in the absence of such assignment, as a hospital is neither a participant nor a beneficiary of the ERISA plan. Consequently, a hospital's claim cannot be completely preempted without such assignment. See Memorial Hermann Hosp. Sys. v. Great-West Life & Annuity Ins. Co., 2005 WL 1562417, n.3 (S.D. Tex. 2005). Because Plaintiff's state law claims are not assigned to it by a plan participant or beneficiary, Plaintiff could not have availed itself of § 502(a), and there is therefore no complete preemption of its claims.

Failure to meet the first prong of the Supreme Court's Davila test by itself makes removal improper. The Court notes, however, that this case likely also fails to meet the Davila test's second prong because Plaintiff's state-law claims arise out of a legal duty independent from obligations under the ERISA plan: the Original Petition bases the contract claim on duties allegedly flowing from the managed care contract, and it bases the tort claim duties allegedly flowing from the direct communications and business relationship between the parties.

Because Plaintiff has chosen to rely exclusively on state law causes of action, and because ERISA does not preempt Plaintiff's state law claims, Plaintiff's Motion for Remand (Docket #3) is hereby **GRANTED**, and it is hereby **ORDERED** that this cause of action be immediately remanded to the 151st Judicial District Court of Harris County, Texas for further and final disposition.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this 21st day of September, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS
ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY
AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN
SENT ONE BY THE COURT.